**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-QUAADIR GREEN, | :<br>: |
| Petitioner, | : Civil No. 12-6148 (ES) |
| v. | :<br>: **OPINION** |
| CHARLES E. WARREN, et al., | : |
| Respondents. | : |

**SALAS, DISTRICT JUDGE**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion for reconsideration (D.E. No. 23) of this Court's December 20, 2013 Opinion and Order (D.E. Nos. 21-22) denying the petition. The Clerk will be ordered to reopen this matter so that the Court may rule on the motion. For the following reasons, Petitioner's motion for reconsideration will be denied.

**I. BACKGROUND**

In its December 20, 2013 Opinion and Order, this Court denied the petition on its merits. With regard to Petitioner's request for a stay (D.E. No. 6), the claims that Petitioner alleged were unexhausted appeared to be identical to claims which were already exhausted, and to the extent they were not, the Court denied them on the merits. (D.E. No. 21, Dec. 20, 2013 Opinion 37.) The Court further found that Petitioner raised three new claims for the first time in his reply to Respondent's opposition to the motion for a stay. (D.E. No. 18, Pet'r's Reply to Opp'n to Stay

2-3). However, Petitioner did not allege good cause for failure to exhaust said claims and the Court denied his request for a stay. (*Id.* at 37.)

In his motion for reconsideration, Petitioner alleges that the Court failed to take into consideration all of the evidence he presented, namely the "newly discovered evidence" of the handwriting expert. (Mot. 4, D.E. No. 23.) Petitioner further alleges that the Court's conclusions regarding the Narik Wilson letter and actions by Sergeant Ferrante were incorrect. (*Id.* at 5-7.) Finally, with regard to the three claims that he raised for the first time in his reply, Petitioner alleges that he was "under the understanding that when he submitted the claims in his reply he was amending his petition as well." (*Id.* at 9.)

## II. DISCUSSION

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

Within this framework, the Court finds that reconsideration of its prior ruling is not warranted. Petitioner has not demonstrated that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, nor has Petitioner presented the Court with changes in controlling law, newly discovered evidence, or a clear error of fact or law. Instead, Petitioner's motion appears to be an attempt to re-litigate the issues presented in his initial petition, which was denied by this Court. The Court reviewed all of the submissions by Petitioner initially and denied him relief. Simply because Petitioner disagrees with the Court's prior Opinion that his petition did not raise any valid constitutional claims does not present grounds to warrant reconsideration.

With regard to the three new claims raised in the reply for the first time, even if this Court had construed Petitioner's raising of three new claims in his reply as an implied request to amend his petition, as Petitioner alleges the Court should have done, Petitioner still failed to establish good cause for failing to exhaust said claims. Though Petitioner blames ineffectiveness of his first post-conviction relief attorney, Petitioner again failed to raise these claims in his second post-conviction relief petition which was received by the state court in December 2012. Moreover, as also previously stated, Petitioner has put forth no evidence or provided any information which would indicate that these three claims have any merit. The Court properly denied Petitioner's request for a stay to exhaust the three new claims raised for the first time in Petitioner's reply.

### III. CERTIFICATE OF APPEALABILITY

In conjunction with the foregoing, the Court is obligated to determine whether a certificate of appealability shall issue. A certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

Dated: September 11, 2014

Esther Salas, U.S.D.J.